# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 17-1342V
**Filed: August 20, 2019**
UNPUBLISHED

| | |
|---|---|
| TIMOTHY FLAIG,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Danielle Anne Strait*, Maglio Christopher & Toale, PA, Seattle, WA, for petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

      On September 27, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as a result of an influenza ("flu") vaccination he received on December 23, 2015. Petition at 1. On October 25, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. (ECF No. 28.)

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On February 26, 2019, petitioner filed an unopposed motion for attorneys' fees and costs. (ECF No. 35.)[3] Petitioner requests attorneys' fees in the amount of $8,344.00 and attorneys' costs in the amount of $544.43. (*Id.* at 1.) In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses. (*Id.* at 1.) Thus, the total amount requested is $8,888.43.

In light of all the facts and circumstances of this case, particularly including the history of expedited resolution within the Special Processing Unit, and mindful of respondent's response to the instant application, the undersigned finds upon review of the submitted billing records and based on the undersigned's experience evaluating fee applications in similar Vaccine Act claims that the overall amount sought for attorneys' fees and costs is reasonable. Thus, especially in the absence of any particularized objection from respondent, further analysis is not warranted. Special Masters have "wide latitude in determining the reasonableness of both attorneys' fees and costs." *Hines v. Health & Human Servs.*, 22 Cl. Ct. 750, 753 (Fed. Cl. 1991). Moreover, Special Masters are entitled to rely on their own experience and understanding of the issues raised. *Wasson v. Health & Human Servs.*, 24 Cl. Ct. 482, 483 (Fed. Cl. 1991) *aff'd in relevant part,* 988 F.2d 131 (Fed.Cir.1993) (per curiam). *J.B. v. Health & Human Servs.*, No. 15-67V, 2016 WL 4046871 (Fed. Cl. Spec. Mstr. July 8, 2016) (addressing attorneys' fees and costs in the context of a history of attorneys' fees and costs awards in over 300 similarly situated SPU cases.)

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e). Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

**Accordingly, the undersigned awards the total of $8,888.43[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Danielle Anne Strait. Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[5]

---

[3] The motion was filed as an unopposed motion and specifically states that respondent has no objection to petitioner's request. (ECF No. 35.)

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master
